# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

VIRGINIA CHAU,

                Plaintiff,

v.                                                     CIVIL ACTION NO. 2:19-cv-00452

AIR CARGO CARRIERS, LLC, et al.,

                Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is a motion to remand filed by Plaintiff, Virginia Chau, as Administratrix of the Estate of Anh Kim Ho ("Plaintiff"). (ECF Nos. 9, 15.) For the reasons discussed below, the motion is **GRANTED IN PART**.

### *I. BACKGROUND*

This action arises from an airplane crash on May 5, 2017, at Yeager Airport in Charleston, West Virginia. (ECF No. 1-1 at 6 ¶ 24.) Defendants United Parcel Services Co. and UPS Airlines, Inc. (collectively, "UPS") operate a cargo airline that contracts with Defendant Air Cargo Carriers' ("ACC") to provide short haul airline services for UPS. (*Id.* at 4 ¶ 2, 5 ¶¶ 3, 6.) ACC's Flight No. 1260 crashed while completing a regularly scheduled cargo route between Louisville, Kentucky, and Charleston, West Virginia. (*Id.* at 9 ¶ 24.) Plaintiff's decedent, Anh Kim Ho, was the first officer on the aircraft, and the Kanawha County Sheriff's decedent, Jonathan Pablo Alvarado, was the captain piloting the plane. (*Id.* at 4 ¶ 1, 5 ¶ 5, 9 ¶ 24.) Both Anh Ho and Alvarado were killed in the crash. (*Id.* at 10 ¶ 26.)

Based on these facts, Plaintiff filed this action in Kanawha County Circuit Court on May 3, 2019, asserting state statutory and common law tort claims against ACC, UPS, and Alvarado through his estate in Kanawha County ("Alvarado"). (*Id.* at 10–15 ¶¶ 27–51.) Specifically, Count I of the Complaint alleges a deliberate intent claim against ACC. Plaintiff alleges that ACC was regulated by the Pilot Records Improvement Act of 1996 ("PRIA"), 49 U.S.C. § 44703, and related federal aviation rules, regulations, and standards and that the actions and inactions of ACC in violation of these specific rules intentionally exposed Plaintiff's decedent to unsafe working conditions. (*Id.* at 10–13 ¶¶ 28–37.) Count II asserts a negligence claim against UPS, alleging that they breached their duty to ensure that its air cargo carriers operated "in compliance with aviation statutes, rules, regulations, and consensus industry standards" and to investigate and report any unsafe practices. (*Id.* at 13 ¶ 39.) The Complaint alleges that UPS knew, or should have known, that ACC lacked certain required "safety positions and programs" and that it failed to ensure that required pilot training, background checks, and reporting duties pertaining to alleged "reckless flying activities" had been performed. (*Id.* at 14 ¶¶ 40, 41.) Finally, Count III asserts a fraud claim against Alvarado on the basis that he misrepresented his piloting skills on his application with ACC in violation of PRIA and other aviation standards. (*Id.* at 17–18 ¶¶ 50.) Plaintiff seeks compensatory and punitive damages against these defendants for wrongful death and personal injuries.

On June 13, 2019, UPS removed this action to this Court. (ECF No. 1.) In the Notice of Removal, UPS asserts that the Federal Aviation Act ("FAA") and PRIA completely preempt Plaintiff's state law claims and, thus, confer this Court with federal question jurisdiction under 28 U.S.C. § 1331. They also assert diversity jurisdiction under 28 U.S.C. § 1332. On June 27, 2019,

Plaintiff filed the present motion to remand. (ECF Nos. 9, 15.) UPS and ACC filed timely responses, (ECF Nos. 17, 19), and Plaintiff timely replied, (ECF Nos. 20, 21).[1] As such, the motion is fully briefed and ripe for adjudication.

## II. LEGAL STANDARD

Article III of the United States Constitution provides, in pertinent part, that "[t]he judicial Power shall extend . . . to Controversies . . . between Citizens of different States." U.S. Const. art. III, § 2. Congress has provided a right of removal from state to federal court for any case that could have originally been brought in federal court. *See* 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1331, federal district courts have original jurisdiction "of all civil actions arising under the constitution, laws, or treaties of the United States." Additionally, 28 U.S.C. § 1332(a)(1) confers federal district courts with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

The party asserting federal jurisdiction bears the burden of proof. *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 935 (S.D. W. Va. 1996). "When removal is challenged, the defendant must establish jurisdiction by a preponderance of the evidence." *S. v. Marion Cty. Coal Co.*, No. 1:15-cv-171, 2015 WL 6964651, at *2 (N.D. W. Va. Nov. 10, 2015) (citing *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 297–98 (4th Cir. 2008)). Because removal of civil cases from state to federal court infringes state sovereignty, federal courts strictly construe the removal statute and resolve all doubts in favor of remanding cases to state court. *See Shamrock Oil & Gas Corp.*

---

[1] On October 7, 2019, Alvarado filed a motion for leave to file an untimely response to Plaintiff's motion, (ECF Nos. 39, 42), and, thereafter, Plaintiff moved to strike Alvarado's motion for leave, (ECF No. 44). Alvarado's proposed response does not raise arguments germane to the issues addressed in this memorandum opinion and order and, thus, the Court will defer ruling on the motions.

3

*v. Sheets*, 313 U.S. 100, 109 (1941); *see also Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction." (citation omitted)).

### III. DISCUSSION

The well-pleaded-complaint rule has long governed whether a case "arises under" federal law. *See, e.g., Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127–28 (1974); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (explaining that, absent diversity of citizenship, removal to federal court is proper only if a federal question is apparent on the face of the plaintiff's well-pleaded complaint). The well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* However, complete preemption is an exception to the well-pleaded complaint rule and provides a basis for federal question jurisdiction "if the subject matter of a putative state law claim has been totally subsumed by federal law" such "that state law cannot even treat on the subject matter . . . ." *Lontz v. Tharp*, 413 F.3d 435, 439–40 (4th Cir. 2005); *see Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (complete preemption applies "when a federal statute wholly displaces the state-law cause of action" relating to the same subject matter). Under the doctrine of complete preemption, a state claim arises under federal law when Congress "so completely preempt[s] a particular area that any civil complaint raising th[e] select group of claims is necessarily federal in character." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987).

Complete preemption is distinguishable from "ordinary" preemption. *See Lontz*, 413 F.3d at 440 (stating that "ordinary preemption simply declares the primacy of federal law, regardless of the forum or the claim." (citation omitted)). "As a defense, [federal preemption] does not appear

on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court." *Taylor*, 481 U.S. at 63 (citation omitted); *see Caterpillar*, 483 U.S. at 392–93 (noting that removal based on a federal defense is not proper "even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." (citation omitted)). In contrast, complete preemption "transforms a state-law claim into one arising under federal law" and, thus, satisfies the well-pleaded complaint rule, "even though the complainant never intended to raise an issue of federal law." *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006). Removal on the basis of complete preemption requires a showing that the plaintiff has a "discernible federal cause of action" and that "Congress intended [the federal claim] to be the exclusive remedy for the alleged wrong." *King v. Marriott Int'l, Inc.*, 337 F.3d 421, 425 (4th Cir. 2003); *see Lontz*, 413 F.3d at 441 (noting that "the congressional intent that state law be entirely displaced must be clear in the text of the statute." (citation omitted)). Courts have applied complete preemption "only where Congress creates an exclusive federal cause of action covering the plaintiff's claim." *Carter v. Central Reg'l W. Va. Airport Auth.*, No. 2:15-cv-13155, 2016 WL 4005932, at *13 (S.D. W. Va. July 25, 2016).

UPS argues here that Plaintiff's state law tort claims should be converted into ones arising under federal law because they implicate significant questions regarding Defendants' compliance with federal law. Plaintiff's Complaint, as noted previously, contains multiple references to federal statutory and regulatory requirements allegedly violated by Defendants. In particular, UPS points to Plaintiff's claims based on alleged violations of PRIA, namely that Defendants' failed to adequately investigate Alvarado's background and disclose the results of their investigation. (*See* ECF No. 1-1 at 11 ¶ 30.) They contend that Section 44703(j)(2) of the Act,

5

which explicitly precludes claims that affect the furnishing or use of pilot records, completely preempts Plaintiff's claims that seek to impose liability for alleged PRIA violations. (ECF No. 17 at 5–6.)

PRIA was enacted to ensure that air carriers and operators adequately investigate a pilot's background before hiring that pilot to conducting air carrier flights. The Act applies to any hiring air carrier and operator and requires the requesting, gathering, sharing, and evaluation of information pertaining to pilot qualifications, safety background, and employment records. To ensure that states do not prohibit, penalize, or impose liability on air carriers for reporting or accessing private information of prospective pilot employees, the Act incorporated a preemption provision, which reads as follows:

> No State or political subdivision thereof may enact, prescribe, issue, continue in effect, or enforce any law (including any regulation, standard, or other provision having the force and effect of law) that prohibits, penalizes, or imposes liability for furnishing or using records in accordance with subsection (h) or (i).

49 U.S.C. § 44703(j)(2); *see* 49 U.S.C. § 44703(h) (concerning employment records of pilot applicants); *see also* 49 U.S.C. § 44703(i) (concerning an air carrier's duties to access and evaluate information pertaining to individual applicants contained in the FAA's pilot records database).

UPS' contention that this preemption clause applies to Plaintiff's tort claims is misplaced. Section 44703(j)(2) extinguishes only state law "that prohibits, penalizes, or imposes liability for furnishing or using records" concerning employment and information contained in the FAA database about applicants. Plaintiff's claims here do not seek to impose liability for actual reporting or accessing of pilot information. Simply put, Plaintiff's claims are aimed at recovering damages for personal injuries cause by Defendants' alleged failures to take appropriate action under the PRIA and related aviation regulations. Thus, Plaintiff's state law tort claims do not fall

within the purview of this narrow provision.

UPS also points to §§ 46108 and 41101(a)(1) of the FAA as a basis for complete preemption. Section 46108 is a remedial provision of the FAA that authorizes an "interested person" to commence a civil action "to enforce Section 41101(a)(1)", which requires air carriers to hold a certificate for authorized air transportation. 49 U.S.C. § 46108; *see* 42 U.S.C. 41101(a)(1) (generally requiring air carriers to hold a certificate issued under the FAA in order to provide air transportation). UPS argues that Plaintiff's claims fall within the scope of § 46108 because the Complaint essentially alleges that Defendants "do not properly hold certificates" or are "operating in excess of their certificates." (ECF No. 17 at 6–7.) They base this proposition on the allegations in the Complaint that Defendants violated numerous federal aviation regulations that proscribe requirements an air operator must meet in order to hold a certificate. (*See* ECF No. 1-1 at 11–12 ¶ 32 (citing 14 C.F.R. § 119.69 (requiring "[e]ach certificate holder" to have "sufficient qualified management and technical personnel to ensure safety in its operation")), 13–14 ¶ 39.)

This case is analogous to this Court's decision in *Carter* where plaintiffs asserted tort claims to recover property damages resulting from a landslide following the construction of a runway at the same airport where the crash occurred in this case. *Carter*, 2016 WL 4005932, at *1. In *Carter*, the defendants relied on the doctrine of complete preemption under § 46108 of the FAA as a basis for removal. The court discussed the FAA in the context of complete preemption at length and stated that the FAA "generally lays out a system of public, not private, enforcement." *Id.* at *19. The court further recognized that the majority of cases under the FAA's safety provisions have held that Congress did not intend a private cause of action to enforce those

provisions. *Id.* (noting that Congress "rejected a bill which would have created a federal cause of action and exclusive federal jurisdiction for injuries arising out of aircraft crashes." (internal citation omitted)).

The court disagreed that the plaintiffs' claims were potentially actionable under § 46108 and, thus, concluded that the doctrine of complete preemption was not applicable to the case. In so holding, the court reasoned that § 46108, which allows suit only to enforce an air carrier providing air transportation to hold a certificate, is a "narrow exception . . . aimed at conflicts between carriers." *Id.* at *20 (citation omitted). The court noted that interpreting the statute as broadly as the defendants suggested would make the statute "a font of liability for conduct 'relating' to an air carrier's certification, or for noncompliance with federal statutes or regulations" and would arguably create a private right of action for any alleged violation of the federal aviation laws and regulations. *Id.* at *23. In addition, the court found that the savings clause of the FAA, *see* 49 U.S.C. § 40120(c), which preserves remedies "in addition to any other remedies provided by law," would have no meaning if § 46108 were construed to completely preempt state law claims. *Id.* at *24; *see Martin ex rel. Heckman v. Midwest Exp. Holdings, Inc.*, 555 F.3d 806, 808 (9th Cir. 2009) (finding that the FAA does not preempt the field of airline personal injury suits as the statute "expressly preserves state remedies" and "contemplate[s] tort suits brought under state law.").

Like in *Carter*, Plaintiff here has not asserted that any defendant should be liable because they failed to hold a FAA-issued certificate or provided air transportation in excess of that allowed by its certificate. Plaintiff's claims allege state tort violations related to the death of a pilot involved in an airplane crash, not a lack of certification. Mere reference to federal statutes and

regulations pertaining to the Defendants' alleged standard of care is not enough to confer federal question jurisdiction. *See Burrell v. Bayer Corp.*, 918 F.3d 372, 380 (4th Cir. 2019) (providing that a complaint replete with federal law references is not grounds for removal). Additionally, Defendants have not directed the Court to an exclusive federal cause of action that governs personal injury matters against air carriers and operators, and there is no indication that Congress intended to divert such claims to federal court. *See, e.g., Martin*, 555 F.3d at 808; *Bennett v. Southwest Airlines Co.*, 484 F.3d 907, 912 (7th Cir. 2007) (observing that no court of appeals has held "that the national regulation of many aspects of air travel means that a tort claim in the wake of a crash 'arises under' federal law."). Thus, because neither PRIA nor the FAA provide private rights of action that displace the state law claims asserted in this action, removal pursuant to 28 U.S.C. § 1331 is improper and Defendants' complete preemption theories must fail.

IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **GRANTED IN PART** with respect to federal question jurisdiction. The Court will hold a hearing on **December 16, 2019**, at **2:00 p.m.** to address the remaining issues concerning diversity jurisdiction.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 14, 2019

_____
THOMAS E. JOHNSTON, CHIEF JUDGE